UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

JENNIFER CORDERO, JINETTE CORDERO, JOSELYN CORDERO and JESSICA BUDRAM,

                    Plaintiffs,

        -against-

CITY OF NEW YORK, Police Officer CHRISTOPHER D'ALTO, Shield No. 5804; Police Officer AARON VERSKA, Shield No. 5369; POLICE OFFICERS JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                    Defendants.
------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1.  This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution.

## JURISDICTION AND VENUE

2.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.  The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiffs demand a trial by jury in this action.

## PARTIES

7. Plaintiff Jennifer Cordero is a resident of Kings County in the City and State of New York.

8. Plaintiff Jinette Cordero is a resident of Kings County in the City and State of New York.

9. Plaintiff Jocelyn Cordero is a resident of Kings County in the City and State of New York.

10. Plaintiff Jessica Budhram is a resident of Kings County in the City and State of New York.

11. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

12. Defendant Police Officer Christopher D'Alto, Shield No. 5804 ("D'Alto"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant D'Alto is sued in his individual and official capacities.

13. Defendant Police Officer Aaron Verska, Shield No. 5369 ("Verska"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Verska is sued in his individual and official capacities.

14. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

15. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

16. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

17. At approximately 3:30 p.m. on September 4, 2012, plaintiffs were lawfully in a black BMW owned and operated by plaintiff Jennifer Cordero in the

vicinity of Etna Avenue and Euclid Avenue in Brooklyn, New York.

18. Defendant officers in a marked police vehicle ("RMP") followed plaintiffs at a very close distance for several blocks without ever directing Jennifer Cordero to pull over.

19. Suddenly and without warning, a second RMP rammed into the front of Jennifer Cordero's car, striking the front of the vehicle.

20. Jennifer Cordero's car was boxed in by two police vehicles – one RMP in the front and the other RMP in the back.

21. Defendants ran toward the car car with guns drawn.

22. Defendants pointed their guns at all plaintiffs and ordered them all out of the car.

23. A defendant officer pointed his gun through the driver-side window at Jennifer Cordero's head and screamed for her to get out of the car.

24. With her hands raised, Jennifer Cordero pleaded for the officers not to shoot.

25. Defendants pulled plaintiff Jennifer Cordero out of the car and threw her up against it.

26. Defendants demanded to know if the vehicle belonged to Jennifer Cordero, to which she responded yes.

27. Defendants searched Jennifer Cordero's vehicle and her belongings.

28. Defendants recovered Jennifer Cordero's valid driver's license, insurance and registration information that showed she was the lawful owner of the vehicle.

29. Without reasonable suspicion or probable cause to believe any plaintiffs had committed any crime, and with clear documentation that the subject car was legally owned by Jennifer Cordero, defendants tightly handcuffed all plaintiffs.

30. Defendants threw plaintiffs into police vehicles and took them to a police precinct.

31. At the precinct, plaintiffs were put in a cell for several hours.

32. Eventually, plaintiffs were released.

33. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

34. An examination of plaintiff Jennifer Cordero, pursuant to New York General Municipal Law § 50-h, was held on or about January 25, 2013.

35. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

36. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

37.     Plaintiffs suffered damage as a result of defendants' actions.  Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to their reputations.

## FIRST CLAIM
### Unlawful Stop and Search

38.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

39.     Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiffs without reasonable suspicion.

40.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

41.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

42.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

43.      As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

44. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

45. By their conduct, as described herein, the individual defendants are liable to plaintiff Jennifer Cordero for falsely imprisoning and falsely arresting plaintiff.

46. Jennifer Cordero was conscious of her confinement.

47. Jennifer Cordero did not consent to her confinement.

48. Plaintiff's confinement was not otherwise privileged.

49. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

50. As a direct and proximate result of the misconduct and abuse of authority stated above, Jennifer Cordero sustained the damages alleged herein.

## FOURTH CLAIM
### Unreasonable Force

51. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

52. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiffs.

53. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### State Law Assault and Battery

54. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

55. By their conduct, as described herein, the defendants are liable to plaintiff Jennifer Cordero for having assaulted and battered her.

56. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

57. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff Jennifer Cordero sustained the damages alleged herein.

## SIXTH CLAIM
### Negligent Hiring, Training and Retention

58. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

59. Defendant City, through the NYPD, owed a duty of care to plaintiff Jennifer Cordero to prevent the conduct alleged, because under the same or similar

circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

60. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

61. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

62. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

63. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Intentional Infliction of Emotional Distress

64. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

65. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended

detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon plaintiff Jennifer Cordero.

66. The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

67. Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon plaintiff Jennifer Cordero. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

68. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff Jennifer Cordero sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Negligent Infliction of Emotional Distress

69. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

70. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD

10

officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiff Jennifer Cordero.

71. The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

72. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff Jennifer Cordero. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

73. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff Jennifer Cordero sustained the damages hereinbefore alleged.

## NINTH CLAIM
### Failure To Intervene

74. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

75. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

76. Accordingly, the defendants who failed to intervene violated the Fourth, and Fourteenth Amendments.

77. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

# **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:    February 20, 2013
          New York, New York

                              HARVIS WRIGHT
                              SALEEM & FETT LLP

                              _____
                              Gabriel Harvis
                              305 Broadway, 14th Floor
                              New York, New York 10007
                              (212) 323-6880
                              gharvis@hwsflegal.com

                              *Attorney for plaintiffs*